UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULRICH BOCKELMANN,<br><br>Plaintiff,<br><br>v.<br><br>THERMO FISHER SCIENTIFIC, INC; LIFE TECHNOLOGIES CORP.; DOES 1 THROUGH 10,<br><br>Defendants. | Case No.:   23CV2161-AGS (BLM)<br><br>**ORDER DENYING MOTION FOR STAY OF DISCOVERY PENDING DEFENDANTS' FED.R.CIV.P. 12(c) MOTION**<br><br>**[ECF NO. 39]** |

Currently before the Court is the Defendants' Motion for Stay of Discovery Pending Resolution of Defendants' Motion for Judgment on the Pleadings. ECF No. 39. Defendants seek an order staying discovery until the Court issues a ruling on their pending motion for judgment on the pleadings. Id. at 2. Plaintiff opposes the request. ECF No. 42. For the reasons set forth below, Defendants' request to stay discovery is **DENIED**.

### PROCEDURAL BACKGROUND

This case was initiated on November 24, 2023 when Plaintiff filed a complaint for patent infringement of two patents involved in the detection of molecules for DNA sequencing. ECF No. 1. Defendants filed an answer to the complaint on April 1, 2024. ECF No. 9. On May 6, 2024, the parties filed a joint discovery plan. ECF No. 20. On May 24, 2024, the Court issued a Case Management Order regulating discovery and other pretrial proceedings in a patent case. ECF No. 26. On August 30, 2024, Defendants filed a motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) which is pending before United States District

Judge Andrew Schopler. ECF No. 41.

## **DEFENDANTS' POSITION**

Defendants seek an order from the Court staying discovery until the pending motion for judgment on the pleadings [see ECF No. 41] is resolved. ECF No. 39 at 2. Defendants argue that the allegations contained in the complaint, along with "Plaintiff's agreement on allegations in [Defendants'] counterclaims directly contradict patent infringement." Id. The Rule 12(c) motion "applies to all asserted claims, and is therefore dispositive if ruled in [Defendants'] favor." Id.

Defendants also argue that the Court has broad discretion to stay discovery pending the outcome of a dispositive motion. Id. at 2-3. In addition, Defendants argue that a stay is warranted because the case is in the early stages of discovery but there are upcoming discovery deadlines that "would be costly to both parties" and a "waste of party resources" if the dispositive motion is ruled on in favor of Defendants. Id. at 5-6, 10.

## **PLAINTIFF'S POSITION**

Plaintiff contends that Defendants' motion to stay mischaracterizes the motion for judgment on the pleadings. ECF No. 42. Plaintiff argues that the motion actually "calls for claim construction of a very technically complicated issue" in one of the patents and maintains that Defendants' "proposed claim construction is incorrect." Id. at 1-2. Plaintiff argues that claim construction is "required for the Court to rule on [the motion for judgment on the pleadings], so the Court should reject the Motion to stay and allow claim construction." Id. at 2.

In addition, Plaintiff contends that by seeking to stay discovery, Defendants are attempting to "prevent Plaintiff from confirming facts alleged in the Complaint and detailed in infringement contentions." Id. at 3. Moreover, even if Defendants prevail on their motion, the pleadings could be amended "and thus, no final resolution will be obtained." Id. at 4. Plaintiff argues that there is no reason to set aside the Court's case management order that is based on "well-established procedures" that are aimed at an "efficient resolution of patent cases." Id.

/ / /
/ / /

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not automatically stay discovery when a potentially dispositive motion is pending. Skellerup Indus. v. City of Los Angeles, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."); see also N.L.R.B. v. Safeway Stores, Inc., 622 F.2d 425, 429 (9th Cir. 1980) (noting that a discovery stay pending resolution of a case-dispositive motion is not automatic); Ocean Garden Products Incorporated v. Blessings Inc., 2020 WL 4284383, at *3 (D. Ariz., July 27, 2020) ("[d]iscovery stays are not automatic.") (quoting Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018)). A motion to stay discovery must be supported by "good cause" and a "strong showing." See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). When deciding whether to grant a stay of discovery, the court must consider the objectives of Fed. R. Civ. P. 1 to ensure a "just, speedy, and inexpensive determination of every action." Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 602-603 (D. Nev. 2011). District courts have "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); see also Cellwitch, Inc. v. Tile, Inc., 2019 WL 5394848, at *1 (N.D. Cal., Oct. 22, 2019) ("The Court has discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss").

The Ninth Circuit has not established a clear standard for deciding whether to stay discovery when a potentially dispositive motion is pending but many federal district courts in California have utilized a two-part test. Mlejnecky v. Olympus Imaging Am., Inc., 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); see also PC Specialists, Inc. v. Micros Systems, Inc., 2011 WL 3475369, at *4 (S.D. Cal. Aug. 9, 2011) ("Defendant fail[ed] to address the factors the Court must consider in determining whether to . . . stay discovery, *e.g.*, Mlejnecky, 2011 WL 489743, at *5-6."). "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional

discovery." Mlejnecky, 2011 WL 489743, at *4.  If either part of the test is not met, discovery should proceed.  Id.  This two-factor test "requires the court to take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to determine whether a stay is granted."[1] Cellwitch, Inc., 2019 WL 5394848, at *1 (citing Tradebay, 278 F.R.D. at 602).

"Other courts in the Ninth Circuit have applied a more lenient standard in determining whether a motion to stay should be granted pending a resolution of a potentially dispositive motion." Tradebay, 278 F.R.D. at 602 (citing GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 286 (S.D. Cal. 2000) (stating the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted." (citing Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (emphasis in original))).  In a third approach, courts have analyzed several factors on a case by case basis, including

> the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been asserted; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

Id. (citing Skellerup, 163 F.R.D. at 600-01).  These cases find that discovery should be stayed "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." Id. (quoting Hachette Distribution v. Hudson County News Co., 136 F.R.D. 356 (E.D. N.Y. 1991)).

---

[1] The "preliminary peek" is not intended to prejudge the outcome of the motion.  See Tradebay, 278 F.R.D. at 603 ("as the court in Mlejnecky recognized, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position.  The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion.").

**DISCUSSION**

Here, the two-part test, as well as other relevant considerations, does not support a discovery stay. Initially, the "preliminary peek" at the pending motion for judgment on the pleadings reveals that it is not necessarily dispositive of the entire case. First, Plaintiff has not yet filed an opposition to Defendants' motion for judgment on the pleadings and therefore, the motion itself is not fully briefed. Second, some of Defendants' arguments in the motion for judgment on the pleadings refer to the inadequacy of the factual allegations as they are pled. Even if the District Court agrees that Plaintiff has not adequately alleged some, or all, of his factual allegations, the District Court has the discretion to allow Plaintiff to amend his pleadings even if the motion for judgment on the pleadings is granted. "[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion [] to grant a Rule 12(c) motion with leave to amend." Smith v. Credit Corp. Solutions, Inc., No. 3:20CV1295-JAH-RBB, 2022 WL 959597, at *9 (S.D. Cal. Mar. 30, 2022) (quoting Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004)).

As stated above, if either part of the two-part test is not met, discovery should proceed. Mlejnecky, 2011 WL 489743, at *6. Because the Court finds that the pending motion is not necessarily dispositive of the entire action and because Plaintiff has articulated a need for discovery to oppose the pending motion or amend the complaint, the Court finds that a stay of discovery is not appropriate at this stage of the proceedings.

**CONCLUSION**

For the reasons set forth above, Defendants' request to stay discovery is **DENIED**.

**IT IS SO ORDERED**.

Dated: 9/9/2024

Hon. Barbara L. Major
United States Magistrate Judge